**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SKYLAR MOTTLEY, | ) | Honorable Sara L. Ellis |
| | ) | |
| Plaintiff, | ) | Case No. 21 CV 2705 |
| | ) | |
| v. | ) | |
| | ) | |
| MALTE ROLING, | ) | |
| VICTOR DOYDORA, | ) | |
| DANIEL GRAY, | ) | |
| ROSENDO JAVIER, | ) | |
| CHRIS KOZIOL, | ) | |
| ETHAN OLSON, | ) | |
| DAVID GOMEZ, | ) | |
| CORRECTIONAL OFFICER PINROD, | ) | |
| CORRECTIONAL OFFER PHILLIPS, | ) | |
| CORRECTIONAL OFFICER HESTER, and | ) | |
| CORRECTIONAL OFFICER REMMERS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST-AMENDED COMPLAINT**

Plaintiff, Skylar Mottley, by her attorney, Arlo Walsman of the Arlo Law Office, hereby submits the following Complaint against Defendants.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Skylar Mottley is currently an inmate at Dixon Correctional Center ("Dixon CC"), 2600 North Brinton Avenue, Dixon, Illinois 61021.

2. Plaintiff is a trans woman.

3. Plaintiff was an inmate at Statesville Correctional Center ("Statesville CC"), 16830 IL-53, Crest Hill, Illinois 60403 during the time period of March 1, 2020 to approximately July 31, 2020.

4. Upon information and belief, at all times relevant to this complaint, Defendant Malte Roling was a correctional officer at Statesville CC.

1

5. Upon information and belief, at all times relevant to this complaint, Defendant Victor Doydora was a correctional officer at Statesville CC.

6. Upon information and belief, at all times relevant to this complaint, Defendant Daniel Gray was a correctional officer at Statesville CC.

7. Upon information and belief, at all times relevant to this complaint, Defendant Rosendo Javier was a correctional officer at Statesville CC.

8. Upon information and belief, at all times relevant to this complaint, Defendant Chris Koziol was a correctional officer at Statesville CC.

9. Upon information and belief, at all times relevant to this complaint, Defendant Ethan Olson was a correctional officer at Statesville CC.

10. Upon information and belief, at all times relevant to this complaint, Defendant David Gomez was the warden at Statesville CC.

11. Upon information and belief, at all times relevant to this complaint, Defendant Correctional Officer Pinrod was a correctional officer at Statesville CC.

12. Upon information and belief, at all times relevant to this complaint, Defendant Correctional Officer Phillips was a correctional officer at Statesville CC.

13. Upon information and belief, at all times relevant to this complaint, Defendant Correctional Officer Hester was a correctional officer at Statesville CC.

14. Upon information and belief, at all times relevant to this complaint, Defendant Correctional Officer Remmers was a correctional officer at Dixon CC.

15. At all times relevant to this complaint, Defendants were acting under color of state law.

16. Defendants are sued in their individual capacities.

17. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1331 and 42 U.S.C. 1983.

18. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b) because Defendants are residents of Illinois and because the Northern District of Illinois is the judicial district in which the events giving rise to Plaintiff's claims occurred.

## FACTS COMMON TO ALL COUNTS

19. During the time period of March 1, 2020, to approximately July 31, 2020, Plaintiff was an inmate at Statesville CC.

20. During the time period of March 1, 2020, to approximately July 31, 2020, Korey Jones was an inmate at Statesville CC.

21. During the approximate time period of March 1, 2020, to June 18, 2020, Korey Jones sexually assaulted Plaintiff six times at Statesville CC.

22. The first sexual assault occurred in March or April 2020 in the prison yard.

23. The second sexual assault occurred in March or April 2020 in the prison gym.

24. The third sexual assault occurred on or about June 10, 2020, at or near Plaintiff's cell.

25. The fourth sexual assault occurred on or about June 11, 2020, at or near Plaintiff's cell.

26. The fifth sexual assault occurred on or about June 12, 2020, at or near Plaintiff's cell.

27. The sixth sexual assault occurred on or about June 18, 2020, at or near Plaintiff's cell.

28. Plaintiff submitted multiple administrative grievances to prison officials at Statesville CC and Dixon CC regarding the facts and allegations contained in this complaint.

29. Prior to filing suit, Plaintiff exhausted her administrative remedies.

30. At all times relevant to this complaint, Statesville CC was subject to the requirements of the Prison Rape Eliminate Act and its implementing regulations.

## COUNT 1

### 8th Amendment Failure to Protect

**Plaintiff v. Defendants Doydora, Kozio, Pinrod, Hester, Phillips, and Gomez**

1-30. Plaintiff restates and incorporates paragraphs 1-30 of her complaint as if fully set forth herein.

31. Prior to March 1, 2020, Korey Jones had physically and sexually assaulted trans women inmates other than Plaintiff at the Illinois Department of Corrections and had been designated by the IDOC as a predatory offender.

32. Prior to March 1, 2020, Defendants knew that Korey Jones posed substantial risk of harm to trans inmates.

33. In June 2020, both Plaintiff and Korey Jones were in protective custody.

34. During one or more of the instances in June 2020 when Korey Jones sexually assaulted Plaintiff, Defendant Doydora was present for the assault and failed to intervene to stop it.

35. During one or more of the instances in June 2020 when Korey Jones sexually assaulted Plaintiff, Defendant Phillips was present for the assault and failed to intervene to stop it.

4

36. During one or more of the instances in June 2020 when Korey Jones sexually assaulted Plaintiff, Defendant Kozio was present for the assault and failed to intervene to stop it.

37. During one or more of the instances in June 2020 when Korey Jones sexually assaulted Plaintiff, Defendant Pinrod was present for the assault and failed to intervene to stop it.

38. During one or more of the instances in June 2020 when Korey Jones sexually assaulted Plaintiff, one or more of the named defendants in this Count let Korey Jones out of his cell and allowed Korey Jones to have access to Plaintiff's cell.

39. During Plaintiff's incarceration at Statesville CC, one or more of the named defendants in this Count encouraged Korey Jones to sexually assault Plaintiff.

40. During June 2020, Defendant Gomez allowed Korey Jones to be housed in cells at or near Plaintiff's cell.

41. During Plaintiff's incarceration at Statesville CC, Defendant Gomez refused to allow Plaintiff to be transferred to a women's prison.

42. At all times relevant to this complaint, Defendants showed a deliberate indifference towards Plaintiff's safety and wellbeing.

43. Under the Eighth Amendment of the United States Constitution, Defendants had a duty to take reasonable measures to guarantee Plaintiff's safety.

44. Defendants disregarded the risk of harm that Korey Jones posed to Plaintiff and failed to take reasonable measures abate or eliminate the risk of harm to Plaintiff, in that Defendants:

(a) Failed to prevent Korey Jones from sexually assaulting Plaintiff.

(b) Allowed Korey Jones to be released from his cell in protective custody and gain access to Plaintiff's cell in protective custody in June 2020.

(c) Stood watch while Korey Jones sexually assaulted Plaintiff in June 2020 and failed to intervene or stop the assaults.

(d) Encouraged Korey Jones to sexually assault Plaintiff.

(e) Failed to transfer Plaintiff to a women's prison.

(f) Housed Korey Jones in a cell near Plaintiff's cell.

(g) Failed to make an individualized determination about how to ensure Plaintiff's safety pursuant to 28 C.F.R. § 115.42(b).

45. As a direct and proximate cause of Defendant's deliberate indifference towards Plaintiff's safety and wellbeing as set forth above, Plaintiff sustained damages, including but not limited to bodily injuries, pain and suffering, loss of normal life, and emotional distress.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendants in an amount in excess of $300,000.00, along with any other relief deemed fair and just.

## COUNT 2

### First Amendment Retaliation

### Plaintiff v. Defendants Roling, Olsen, Remmers, Gray, Javier, Hester

1-45. Plaintiff restates and incorporates paragraphs 1-X of her complaint as if fully set forth herein.

46. On and after March 1, 2020, Plaintiff submitted many grievances to prison officials about her conditions of confinement, including but not limited to grievances about corrections officers at Statesville CC failing to protect her from Korey Jones and other inmates.

47. Plaintiff's submission of grievances regarding her conditions of confinement was speech protected by the First Amendment of the United States Constitution.

48. In retaliation for Plaintiff's speech as set forth above, Defendants took adverse actions against her, including but not limited to:

    (a)    Allowing Korey Jones to have access to Plaintiff's cell in protective custody.

    (b)    Allowing Korey Jones to sexually assault Plaintiff.

    (c)    Encouraging Korey Jones to sexually assault Plaintiff.

    (d)    Giving Plaintiff a false ticket for sexual misconduct regarding sex acts with Korey Jones.

    (e)    Writing a false statement that Plaintiff's sex acts with Korey Jones were consensual and attempting to coerce Plaintiff to sign the statement.

    (f)    Attempting to interfere with her transfer to Dixon CC.

    (g)    Falsely finding Plaintiff guilty of sexual misconduct with Korey Jones.

    (h)    Placing Plaintiff in segregation for two months at Dixon CC following her finding of guilt for the ticket for sexual misconduct with Korey Jones.

    (i)    Allowing Korey Jones to access Plaintiff's email and phone accounts at Statesville CC.

    (j)    Verbally harassing and threatening Plaintiff.

49. Defendants took the adverse actions set forth above against Plaintiff as retaliation for her protected First-Amendment speech.

50. Plaintiff's First-Amendment speech was a factor that motivated Defendants to retaliate against her and take the adverse actions set forth above.

51. As a direct and proximate cause of Defendant's retaliation against Plaintiff, Plaintiff sustained damages, including but not limited to bodily injuries, pain and suffering, loss of normal life, and emotional distress.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendants in an amount in excess of $300,000.00, along with any other relief deemed fair and just.

        Respectfully submitted,

        By: /s/ ARLO WALSMAN

Arlo Walsman
Attorney for Plaintiff
Arlo Law Office
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
Phone: 312-313-0035
Fax: 312-724-9771
arlo@arlolawoffice.com
Attorney No. 6321684